UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY T. ZALECKI, JR.,          )
                                  )
             Petitioner,          )      Case No. 5:05-cv-112
                                  )
v.                                )      Honorable Robert Holmes Bell
                                  )
JOHN HASKETT,                     )
                                  )
             Respondent.          )
_____)

## **OPINION**

    This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of subject matter jurisdiction.

**Discussion**

I.   Factual background

Petitioner challenges a judgment of conviction for consumption of alcoholic liquor by a minor, MCL 436.1703.  Plaintiff was convicted on January 10, 2002, in the 8th District Court, Kalamazoo County, Kalamazoo, Michigan. The trial judge imposed a $100 fine.  The judgment became final on July 29, 2004, when the Michigan Supreme Court denied Petitioner's application for leave to appeal.

II.   Custody requirement

Title 28 U.S.C. §§ 2241(c)(3) and 2254(a) allow a § 2254 habeas petition to be filed by a person "in custody in violation of the Constitution or laws or treaties of the United States." A petitioner under section 2254(a) must establish that he is "in custody" under the conviction or sentence under attack at the time the petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-491(1989).  However, a petitioner need not actually be imprisoned to meet the "in custody" requirement. *See e.g. Hensley v. Municipal Court*, 411 U.S. 345, 348-349 (1973)(release on own recognizance); *Lefkowitz v. Mewsome*, 420 U.S. 283, 286 (1975)(release on bail pending appeal); *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)(parole).  A petitioner may satisfy this requirement if he presently suffers from substantial restraints upon his liberty "not shared by the public generally." *Jones*, 371 U.S. at 376.  A petitioner must be "in custody" in order to vest the court with jurisdiction. *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995); *Maleng*, 490 U.S. at 490.

The purpose of the writ of habeas corpus is to free individuals from wrongful restraints upon their liberty. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  However, a monetary fine is not a sufficient restraint on liberty to meet the "in custody" requirement. *Thrower v. City of*

*Akron*, 43 F. App'x. 767, 768 (6th Cir. 2002), (citing *Lillios v. New Hampshire*, 788 F. 2d 60, 61 (1st Cir. 1986)). In the present case the trial court levied a fine against Petitioner. Petitioner was not sentenced to a term of imprisonment nor was he placed on probation. Thus, Petitioner is not presently, nor was he ever, "in custody" within the meaning of the statute.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because the court lacks subject matter jurisdiction.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. This Court denied Petitioner's application on jurisdictional grounds. Under *Slack v. McDaniel*, 529 U.S. 473 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* at 484. The Court finds that reasonable jurists could not debate that this Court correctly dismissed this petition for lack of subject matter jurisdiction. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Date:   August 16, 2005          /s/ Robert Holmes Bell
                                 ROBERT HOLMES BELL
                                 CHIEF UNITED STATES DISTRICT JUDGE